STROSIN, Appellant, vs. WISCONSIN RIVER PAPER & PULP
COMPANY, Respondent.

*April 11—April 29, 1913.*

*Master and servant: Injury from machinery: Contributory negligence.*

Plaintiff, the operator of a barking machine in defendant's mill,
instead of using a stick with which he might safely have dislodged the refuse material which clogged a spout leading from
the knives of the machine, thrust his hand into the spout so
far that it came in contact with the revolving knives and was
injured. The jury having, upon sufficient evidence, negatived
his claim that defendant's foreman had assured him there was
no danger in cleaning the spout by hand, the trial court properly held that plaintiff was, as a matter of law, guilty of contributory negligence.

APPEAL from a judgment of the circuit court for Portage
county: BYRON B. PARK, Circuit Judge. *Affirmed.*

Action for a personal injury.

Plaintiff, when injured, was about twenty-one years of
age. He had a fair education for a country boy accustomed
to much manual labor. He had lived most of the time on
his father's farm near Stevens Point, but worked in the
woods in various kinds of operations, including that of attending a somewhat similar machine to the one by which he
was injured. He had worked at the particular machine,
called a hand barker, for a sufficient length of time to understand its operations. The purpose thereof was to remove
bark from bolts of pulpwood. The bolts were about two feet
long. The machinery which did the mischief was covered,
except where necessarily left open to receive the bolts. There
was a disk, armed with knives, which, in service, revolved at
great speed. It was back of the opening through which the
bolts were put by hand and pressed up so as to engage the
knives. As the bark was sheared off, it was driven by a draft
created by a fan into a nine-inch iron spout for some eleven

inches, thence into a galvanized iron pipe about twenty-four inches, thence following the course of the pipe, down through the floor.    There was an opening in the galvanized pipe, about four inches wide by six inches long, near the iron pipe and some seventeen inches from the disk.    Through this opening, in case of the pipe clogging with refuse, the operator had to reach with his hand or some other instrument, and remedy the difficulty.    This could be done without danger by using a stick, or doing the work with the hand when the machine was at rest.    It was dangerous to otherwise do it by hand, unless care was used not to insert the hand far enough to come in contact with the back of the revolving disk or the fan which created the current of air.    Plaintiff knew of the danger, but was accustomed, notwithstanding, to clean the barker by hand.    He had worked at the particular machine but a short time before the injury, though he had worked at a machine doing similar work, called an automatic barker. A hook was customarily used on that in the cleaning operations, in case of such operations being conducted while the machine was at speed and in service; but the hook could not be so used on the hand barker.    The foreman was opposed to having the operator shut down the machine to do the cleaning.    On the occasion before the particular one, as plaintiff testified, when he was about to stop the machine to enable him to clean the pipe, the foreman objected, upon the ground that the cleaning could be done while the work was going on. Plaintiff claimed to have been directly assured that there was no danger in cleaning out the spout by hand and that the foreman stood by and saw him do it that way.    The latter denied that and was corroborated.    When the spout was cleared of the *débris* the clearance would be indicated by the outward air current from the fan.    On the next occasion for cleaning the machine, the refuse was so packed in the pipe that plaintiff made two insertions with his hand without dislodging it. He made a third effort and, by some unexpected movement,

his fingers engaged the fan or disk and were taken off at the second joints.

The claim of plaintiff was that he thought, left to himself, it was dangerous to clean the barker by hand when the machine was in motion, but did so upon the assurance that it was safe to do it.

The jury decided thus: The foreman did not assure plaintiff there was no danger in cleaning the pipe while the barker was in motion. Defendant was negligent in failing to instruct plaintiff as to cleaning the barker. Such failure was a proximate cause of the injury. Defendant negligently failed to warn plaintiff of the danger of cleaning the barker, as he did. Such failure was a proximate cause of such injury. Plaintiff was free from contributory negligence. If he is entitled to recover at all he is entitled to $1,400.

On motion for judgment the trial judge expressed himself as having been, from the time the evidence was closed, of the opinion that, except for plaintiff's evidence that the foreman assured him there was no danger in cleaning the barker by hand when it was in motion and that he relied thereon, defendant was entitled to have a directed verdict, and the jury having found against plaintiff as to such matter, the evidence indicated contributory carelessness notwithstanding the verdict to the contrary on that precise question. The judge gave his reasons in these words:

"The plaintiff testified that he knew that if his hand came in contact with the revolving disk of the barker he would be injured. Any person of any ordinary intelligence would know and realize that injury would certainly follow if he thrust his hand in the blow-pipe far enough to reach the disk while the barker was in motion. The plaintiff is apparently a person of ordinary intelligence. The plaintiff knew that all the bark and shavings from the spruce sticks were blown out of the barker into the pipe. The door in the pipe was, according to the plaintiff, eleven inches from the barker, according to the defendant sixteen inches. The plaintiff had

to extend his hand into the pipe from eleven to sixteen inches to reach the revolving disk, and this he carelessly did, notwithstanding he knew to do so meant injury to his hand."

Judgment was ordered thereon dismissing the complaint with costs.

For the appellant there was a brief signed by *A. L. Smongeski,* attorney, and *Kreutzer, Bird, Rosenberry & Okoneski,* of counsel, and oral argument by *Mr. Smongeski* and *Mr. C. B. Bird.*

For the respondent there was a brief by *Weed & Hollister,* and oral argument by *R. A. Hollister.*

MARSHALL, J.   The trial court seems to have been guided by principle, as illustrated by numerous precedents in this court, holding that plaintiff was clearly guilty of contributory negligence in thrusting his hand into the spout up to a point where it was liable to engage the dangerous machinery which severed his fingers, unless he did so on the express assurance of the foreman that the work could be safely done that way.   The respect due that decision precludes us from reversing it.

So the case must turn on whether the assurance was given as plaintiff claims.   The court below, through abundant caution, submitted the conflicting evidence in respect thereto to the jury, resulting in a finding in defendant's favor.   Why that should not be regarded a verity, is not suggested.   On the contrary, it seems to be conceded, as the fact is, that the case must be dealt with as if the claim of plaintiff in respect thereto, is not true.   From that viewpoint, as indicated in the statement, we have the opinion of the trial judge, that the evidence as matter of law, shows that plaintiff proximately contributed to the event complained of.   We are unable, on principle, to override that decision.

*By the Court.*—Judgment affirmed.

TIMLIN, J., dissents.